CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

SEP 17 2019

JULIA C. DUDLEY, CLERK
BY: /s/ A- Rust
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 1:19mj108
19391 Burson Lane )
Bristol, VA )
)
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the ___Western___ District of ___Virginia___ *(identify the person or describe property to be searched and give its location)*: 19391 Burson Lane, Bristol, VA - to include the residence, curtilage, garage, outbuildings, campers, person of David Shaffer, and vehicles present registered at/to the address. Attachment A consists of a photograph of the residence.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*: See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of ___21___ U.S.C. § ___846/841(a)(1)___ , and the application is based on these facts:   See Attachment C                                      and/or   841(a)(1)

☑ Continued on the attached sheet.

☐ Delayed notice of ___ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Brian Snedeker, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 9/17/19

_____
Judge's signature

City and state: Abingdon, Virginia

Pamela Meade Sargent, USMJ
*Printed name and title*

# ATTACHMENT A



19391 Burson Lane, Bristol, VA

# ATTACHMENT B

1. Methamphetamine distribution paraphernalia including (but not limited to) scales, cutting material, plastic baggies, wrapping material; devices used to communicate with other drug traffickers/co-conspirators including cellular telephones and two-way radios; electronic equipment used for counter-surveillance to include video surveillance systems and related DVRs (digital video recorders), scanners, and anti-bugging devices.

2. Firearms, including but not limited to handguns, rifles, and shotguns that are commonly used by individuals to protect controlled substances and related drug proceeds/assets. Firearms, oftentimes stolen, are also routinely bartered in exchange for controlled substances.

3. Books, records, ledgers, notes, and videos pertaining to the illicit distribution, purchasing, and transporting of methamphetamine.

4. Messages, letters, telephone numbers, and addresses relating to customers, suppliers, and other co-conspirators involved with the illicit distribution, purchasing, and transporting of methamphetamine. These messages, letters, telephone numbers, and addresses may be written on personal calendars, personal address and /or telephone books, Rolodex type indices, notebooks, loose pieces of paper, and found in mail.

5. Photographs and videos depicting methamphetamine, drug distribution paraphernalia, substantial assets, co-conspirators, and persons with methamphetamine,

6. Books, ledgers, receipts, bank statements, cashier's checks, and other items evidencing the acquisition, secreting, transferring and/or concealment of assets or the expenditure of narcotics proceeds.

7. Items or articles of personal property tending to show ownership, dominion, or control of the premises/property/vehicles. Such items or articles include (but are not limited to) personal identification, personal correspondence, diaries, checkbooks, notes, photographs, keys, receipts, mail, personal telephone and address books, videos, and motor vehicle related documents (titles/registrations).

8. Items listed in Paragraphs 3 through 7 may be stored in digital media. Therefore, digital media (including but not limited to computers/computer hard drives, digital video recorders (DVRs), floppy disks, CD's, flash/jump drives, personal digital assistants (PDA's), cellular telephones/smartphones, digital cameras, iPODs, iPADs, etc.) are to be seized and examined for the items listed in Paragraphs 3 through 7.

ATTACHMENT C

AFFIDAVIT of
Special Agent Brian Snedeker
Drug Enforcement Administration
Bristol, Virginia

1. I, Special Agent Brian Snedeker, being duly sworn hereby depose and say:

2. The purpose of this application and affidavit is to secure a search warrant for documentary evidence and narcotics distribution related paraphernalia on the premises known as 19391 Burson Lane, Bristol, VA. This affiant, after obtaining and reviewing information, believes there is evidence of distribution of methamphetamine and/or conspiracy to distribute methamphetamine at 19391 Burson Lane, Bristol, VA in violation of 21 USC 841(a)(1) and 846/841(a)(1).

3. I am a Special Agent with the Drug Enforcement Administration (DEA) and have been so employed for approximately (28) years. During my employment I have received comprehensive classroom training from the Drug Enforcement Administration in specialized narcotic investigative matters including but not limited to drug interdiction, drug detection, money laundering techniques and schemes, smuggling, and the investigation of individuals and organizations involving the smuggling, cultivation, manufacturing, and illicit trafficking of controlled substances and controlled substance precursors. I have participated in the investigations and subsequent arrests of hundreds of individuals involved with the trafficking of methamphetamine (a Schedule II Controlled Substance). I have also executed hundreds of search warrants related to the trafficking and manufacturing of methamphetamine.

4. The facts set forth in this affidavit are known to me as a result of my participation in the investigation of David Shaffer and information provided to me by other law enforcement officers and a reliable confidential source. Any reference in this affidavit to the gender of any unnamed person does not necessarily reflect the true gender of said person.

5. During May 2019, an admitted methamphetamine dealer advised law enforcement that David Shaffer is a higher level methamphetamine trafficker based in the Bristol, VA area who receives pound to multi-pound quantities of methamphetamine and then sells the methamphetamine in (¼) ounce to (1) ounce quantities. The admitted methamphetamine dealer claimed that she has obtained methamphetamine from a sub-distributor of Shaffer's on multiple occasions while on Shaffer's property (identified as 19391 Burson Lane, Bristol, VA) and has observed Shaffer with methamphetamine inside the basement of Shaffer's residence. The admitted methamphetamine dealer further advised that Shaffer usually carries a handgun or two and deals methamphetamine out of his tan/gold colored Ford Ranger pickup [Shaffer is the registered owner of a 1993, gold colored, Ford Ranger pickup displaying Virginia license plates VYZ-6527 with a registration address of 19391 Burson Lane, Bristol, VA]. The admitted methamphetamine dealer stated that she has been indirectly obtaining methamphetamine from Shaffer for approximately one year.

The admitted methamphetamine trafficker made the aforementioned statements against her own penal interest.

6. During mid-May 2019, a confidential source performed a controlled purchase (surveilled, monitored, and recorded by law enforcement) of (1/2) ounce or more of methamphetamine from David Shaffer within the Western District of Virginia. On the day of the controlled purchase, this affiant observed Shaffer's gold colored, Ford Ranger pickup parked at Shaffer's residence prior to the controlled purchase. This affiant observed Shaffer operating (and alone in) his Ford Ranger pickup when he arrived at a location (not Shaffer's residence) within the Western District of Virginia and sold the aforementioned methamphetamine to the confidential source. This affiant subsequently performed a chemical field test of the methamphetamine purchased from Shaffer with positive results for methamphetamine.

7. During the end of August/early September 2019, the confidential source referenced in Paragraph 6 (above) advised law enforcement that David Shaffer agreed to sell methamphetamine to the confidential source for $550 per ounce during this same time period. The confidential source claimed that Shaffer had a bad experience during August 2019 while trying to obtain (¼) pound of methamphetamine [a quantity sufficient for redistribution] from one source and now has a new source for methamphetamine.

8. During the last (4) days, the confidential source referenced in Paragraphs 6 and 7 (above) advised law enforcement that David Shaffer acquired a half pound of methamphetamine (from Shaffer's source of supply) on 09-14-2019 and now has said methamphetamine available for sale.

9. This affiant is aware based on his training, experience, and conversations with other law enforcement officers that individuals who conspire to distribute methamphetamine typically maintain methamphetamine, methamphetamine distribution paraphernalia (small, plastic, Ziploc-type baggies, digital scales, etc.), notes, records, messages, and telephone numbers (pertaining to methamphetamine trafficking related contacts/co-conspirators), and other items as listed and explained on Attachment B (of the Application and Affidavit for Search Warrant to which this affidavit is attached) on their persons, inside their residences, garages, outbuildings/barns, campers, vehicles (or the vehicles they operate), and inside of vehicles registered to other persons when those vehicles are parked at the conspirator's residence/property.

10. David Shaffer's known residence is 19391 Burson Lane, Bristol, VA (located within the Western District of Virginia).

11. Based upon the facts set forth above, I believe there is probable cause for the issuance of a search warrant for the premises known as 19391 Burson Lane, Bristol, VA as there is probable cause to believe that there is evidence of a violation of 21 USC 841(a)(1) and 846/841(a)(1) at said premises.

_____  09-17-2019
Brian Snedeker, Special Agent (DEA)   Date

Subscribed and sworn to before me, this the ___17th___ day of ___September, 2019___
in Abingdon, Virginia.

_____
Pamela Meade Sargent
United States Magistrate Judge
Western District of Virginia

Seen by:

_____/s/ Roy F. Evans_____   09-16-2019
Roy F. Evans, SAUSA          Date